ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OFNEW YORK
--------------------------------------------------------X

In re

JORGE MIGUEL PRIETO,                                    Case No. 20-40402-cec

                                                                                       Chapter 11

                             Debtor
--------------------------------------------------------X

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AND FED. R. BANKR. PROC. 2014 AND 2016 AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ L.L.P. AS DEBTOR'S COUNSEL NUNC PRO TUNC TO PETITION DATE

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Jorge Miguel Prieto (the "Debtor"), by his proposed counsel Ortiz & Ortiz, L.L.P. ("O & O"), respectfully represents:

### BACKGROUND

      1.      The Debtor filed a voluntary Chapter 11 petition on January 21, 2020 (the "Petition Date") and has remained in possession pursuant to 11 U.S.C. § 1107. No unsecured creditors' committee has been appointed in this case.

      2.      The Debtor is the equitable owner of two multi-family homes located in Queens County. The Debtor purchased the homes; both homes are encumbered by mortgage loans

obtained by the Debtor. At his wife's insistence, the Debtor transferred the deeds for the homes for no consideration to his wife in 2008. The Debtor believed that the deeds transferred 90% of his interest in the homes and that solely nominal interest in the homes would be held by his wife. However, the deeds transfer 99% of his interest in the homes. Moreover, without his knowledge, his wife subsequently transferred the deeds to an entity known as Elmhurst Assets, LLC, for no consideration. The Debtor asserts that he is the equitable owner of the two properties. The Debtor intends to seek to set aside the transfers and restore title to his name.

3. Despite these transfers, the Debtor has always remained in possession of the homes. He has a divorce action pending. His wife left the premises and left their three sons in the Debtor's custody. The homes generate sufficient rent to permit the Debtor to make adequate protection payments to his mortgagees; he intends to seek loan modifications of his mortgage loans while he attempts to recover his interest in the homes.

**JURISDICTION**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

5. Subject to the Court's approval, the Debtor has retained Ortiz & Ortiz, L.L.P. ("O & O") as its bankruptcy counsel to prosecute his Chapter 11 case. Pursuant to 11 U.S.C. § 327(a), Fed. Rule Bankr. Proc. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtor requests authority to retain as attorneys for the Debtor *nunc pro tunc* to the Petition Date. O & O anticipates rendering the following services to the Debtor:

- perform all necessary services as Debtor's counsel that are related to the

reorganization and the bankruptcy estate;

- assist the Debtor in protecting and preserving estate assets during the pendency of the chapter 11 case, including the prosecution and defense of actions and claims arising from or related to the estate and/or the Debtor's reorganization;
- prepare all documents and pleadings necessary to ensure the proper administration of its case; and perform all other bankruptcy-related necessary legal services.

6. The Debtor believes that O & O is qualified to represent his interests and the interests of the estate. Norma E. Ortiz, the partner responsible for the case, has over thirty two years of bankruptcy law experience in the public and private sectors and has participated in many Chapter 11 cases in various capacities. O & O is willing to act in this case and render the necessary professional services as attorneys for the Debtor.

7. Based on the annexed Declaration of Norma E. Ortiz, O & O does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O & O is to be employed and O & O is "disinterested" as that term is defined in the Bankruptcy Code. O & O intends to apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court.

8. The Debtor and O & O entered into a retainer agreement that provided O & O with a classic retainer in the amount of $15,000.00. Such a retainer is earned when paid but is subject to the restrictions of the applicable provisions of the Bankruptcy Code, such as Section 328, 329, 330 and 331 and the Federal Rules of Bankruptcy Procedure. The retainer was paid to O & O by the Debtor.

9. The proposed terms of O & O's retention are set forth in the attached Declaration of Norma E. Ortiz. O & O asserts that the terms of its retention are reasonable under Section 328 and should be approved. The amount of the retainer and hourly rates charged by O & O are at or below the amounts typically sought in Chapter 11 cases in this district. O & O has successfully prosecuted Chapter 11 cases previously and demonstrated competence in such cases. Subject to the Court's approval, the Debtor proposes to pay O & O its customary hourly rates as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

10. O & O intends to utilize that portion of its classic retainer that was not expended prior to the bankruptcy filing to satisfy post-petition services rendered and seek additional fees pursuant to 11 U.S. C. §§ 330 and 331. If O & O were required to disgorge the retainer upon conversion to a Chapter 7 case, administrative insolvency, or disallowance of its fee requests, it has the financial ability to do so. For these reasons, O & O and the Debtor requests that the Court approve the proposed terms of O & O's retention.

11. No previous application for the relief requested herein has been made to this Court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
February 4, 2020

                                             *S/Norma Ortiz*
                                             Norma E. Ortiz
                                             Ortiz & Ortiz L.L.P.
                                             32-72 Steinway Street, Ste. 402
                                             Astoria, New York 11103
                                             Tel. (718) 522-1117
                                             Proposed counsel to the Debtor

**DECLARATION OF NORMA ORTIZ**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103 Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-13020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

JORGE MIGUEL PRIETO,                                    Case No.  20-40402-cec

                                    Debtor                    Chapter 11
---------------------------------------------------------X

**DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ., IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.**

Norma E. Ortiz, states as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O"). I am the partner primarily responsible for the Debtor's case. I have been involved in numerous reorganization and consumer bankruptcy cases over the last 32 years and possess the requisite experience and qualifications to serve as Debtor's counsel.

2. My firm has agreed to bill the Debtor at an hourly rate of $450 an hour for partners and $375 an hour and below for associates and attorneys serving as of counsel to my firm. We bill our paralegals time at $75 an hour and below. Our partners bill non-bankruptcy clients between $350 and $450 an hour, depending on – among other things – the complexity of the matter. Photocopying charges shall be billed at five cents a page; only long distance calls and faxes shall be billed to the estate. Any costs incurred by third party vendors will be billed to the estate at O & O's cost. The Debtor has consented to our retention under a classic retainer under these terms.

3. I know of no reason why O & O is not qualified to represent the Debtor in this

case. The firm had no prior connection to the Debtor before it was first consulted regarding the his financial difficulties on a week before the Petition Date. In addition, I utilized software to search our databases of present and former clients to conduct a conflicts check before agreeing to be retained by the Debtor. The firm has no economic or professional relationship with any of the Debtor's creditors other than in the ordinary course of its business, such as the firm may maintain a bank account with a bank that is a creditor of the Debtor. For these reasons, I believe O & O neither represents nor has any connection to any creditor or party in interest of the Debtor, other than in the ordinary course of its business.

4,  I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

5.  O & O received a $15,000 classic retainer from the Debtor prior to the bankruptcy filing on January 17, 2020. We paid the filing fee from the retainer. O & O intends to apply the remainder of its retainer to services rendered post-petition upon court approval of all fees paid to the firm pursuant to, among other things, 11 U.S.C. §§ 330, 331.

6.  Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor are subject to the Court's approval for, among other things, reasonableness – regardless of the source of funds paid to my firm.

7.  My firm has not agreed to share compensation with any other person or entity. O & O shall not seek an increase in its hourly rates without prior notice to the Debtor, the Court, and the Office of the U.S. Trustee.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: Astoria, New York
February 4, 2020

                                             *S/Norma Ortiz*
                                             Norma E. Ortiz
                                             Ortiz & Ortiz L.L.P.
                                             32-72 Steinway Street, Ste. 402
                                             Astoria, New York 11103

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103 Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

JORGE MIGUEL PRIETO,                                                  Case No. 20-40402-cec

                                                          Chapter 11

                            Debtor
---------------------------------------------------------X

**ORDER PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS
<u>ATTORNEYS FOR THE DEBTOR</u>**

Upon the application (the "Application") of Jorge Miguel Prieto (the "Debtor"), as debtor and debtor in possession, dated February 4, 2020, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as his attorneys under a classic retainer; upon the Declaration of Norma E. Ortiz, Esq., a member of the firm of O & O; it appearing that the members of O & O are admitted to practice before this Court; the Court being satisfied that O & O represents no interest adverse to the Debtor and the estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and the estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ O & O as its attorneys under the terms and conditions set forth in the

Application effective as January 21, 2020; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid to O & O for professional services rendered to the Debtor, except upon proper application and by further order of this Court, and any of O & O's fee applications will be subject to notice and hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and will comply with the Court's General Order 613 (Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases); and it is further

ORDERED, that prior to any increases in O & O rates for any individual retained by O & O and providing services in this case, O & O shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether O & O's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated:          , 2020
Brooklyn, New York

                                                                           _____
                                                                           Carla E. Craig
NO OBJECTION:                                    Chief U.S. Bankruptcy Judge

_____

Office of the United States Trustee