UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

| | |
|---|---|
| JORGE MIGUEL PRIETO | CHAPTER 11 |
| DEBTOR | CASE NO. 1-20-40402-cec |
| | CHIEF JUDGE: Carla E. Craig |

### STIPULATION AND ORDER CONDITIONALLY GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS,** Wells Fargo Bank, N.A. (with successors and assigns collectively as "Secured Creditor") is a Secured Creditor of Jorge M. *Miguel (CEC)* Prieto (the "Debtor") by virtue of a Mortgage, securing the obligations under a promissory note executed by the Debtor on September 21, 2007 (the "Note") encumbering real property known as 103-04 34th Avenue, Corona a/k/a Flushing, NY 11368 (the "Property" or the "Premises") (the "Mortgage"), owned by Jorge M. Prieto and Rosa Prieto (the "Co-Debtor," Debtor and Co-Debtor collectively as the "Borrowers") Note and Mortgage collectively known as the ("Loan").

Borrowers executed a Mortgage given to Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank securing the repayment of the principal sum of $643,300.00 due under the Note on September 21, 2007. Said Mortgage was recorded on December 28, 2007 in the Queens County Office of the City Register. The Mortgage was transferred to Wells Fargo Bank, NA and said transfer was memorialized by an Assignment of Mortgage dated September 24, 2012 and recorded on October 1, 2012 in CRFN 2012000389019.

**WHEREAS,** on January 22, 2020 the Debtor commenced a case under Chapter 11 of the Bankruptcy Code; and

15-042646

**WHEREAS**, on February 5, 2020, Secured Creditor filed proof of claim number 1 evidencing the debt due under the Loan and listing pre-petition arrears; and

**WHEREAS**, the Secured Creditor is the holder of the Loan; and

**WHEREAS**, as of the date hereof, the Debtor is post-petition due for the July 1, 2020 payment under the Loan; and

**WHEREAS,** after due deliberation, the Debtor and Secured Creditor have agreed to settle the payment of the post-petition mortgage arrears with a Stipulated Conditional Order; it is hereby:

**STIPULATED AND AGREED AS FOLLOWS THAT:**

A.      On or before January 1, 2021, the Debtor shall pay to the Movant all post-petition arrears owed on the Loan as of July 1, 2020 in the total amount of $9.124.52 (the "Post-Petition Arrears"), a breakdown of which follows;

| | |
|---|---|
| 2 monthly payments at $5,281.13 each | $10,562.26 |
| (July 2020 through August 2020) | |
| Less Suspense        $1,437.74 | |
| TOTAL | $9,124.52 |

The Post-Petition Arrears shall be paid as follows:

| | | |
|---|---|---|
| 1. | On or before September 1, 2020 | $1,824.91 |
| 2. | On or before October 1, 2020 | $1,824.91 |
| 3. | On or before November 1, 2020 | $1,824.91 |
| 4. | On or before December 1, 2020 | $1,824.91 |
| 5. | On or before January 1, 2021 | $1,824.88 |

15-042646

**ALL payments toward the post-petition arrears and in accordance with this paragraph must be in <u>certified funds</u> made payable to Wells Fargo Bank, N.A. and shall be sent to the following address:**

>Wells Fargo Home Mortgage
>PO Box 14507
>Des Moines, IA 50306

B. Debtor shall, in accordance with the requirement of the Loan, continue making the regular monthly payments to Wells Fargo Bank, N.A. at the address listed above below on the first day of each and every month thereafter commencing August 1, 2020.

C. If the Debtor fails to tender any of the sums due under paragraph A or B, and fails to cure the default within ten (10) days from the date of service of a written Notice of Default on the Debtor, Debtor's Attorney, and the US Trustee, the Secured Creditor shall file ***and settle, on ten (10) days' notice (CEC)*** an ~~Ex Parte~~ *(CEC)* Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the ~~Ex Parte~~ *(CEC)* Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Secured Creditor, allowing the Secured Creditor to ~~foreclose on~~ ***exercise its rights under applicable law with respect to (CEC)*** the Mortgage and Note encumbering the Property.

D. In the event that three (3) Notices of Default have been sent to the Debtor, Debtor's Attorney, and the US Trustee, as a result of three defaults under this Order, the Secured Creditor shall file ***and settle, on ten (10) days' notice (CEC)*** an ~~Ex Parte~~ *(CEC)* Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the ~~Ex Parte~~ *(CEC)* Order, the Automatic Stay shall be lifted and vacated allowing Secured Creditor to ~~foreclose on~~ ***exercise its rights under applicable law with respect to (CEC)*** the Mortgage and Note encumbering the Property.

E.    If this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect.

F.    This Court has jurisdiction over these proceedings and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334.

G.    The relief granted in this Stipulation and Order is pursuant to Bankruptcy Code § 105, 362 (d) (1) and (2), Bankruptcy Rules 4001 and 9019.

H.    Each of the WHEREAS clauses above is incorporated herein by reference as if fully set forth herein.

I.    The obligations due pursuant to the Note and Mortgage are validly due and owing to the Secured Creditor.

J.    The obligations due pursuant to the Note are secured by a lien upon the Premises as evidenced by a duly recorded Mortgage, which lien and security interest is valid and remains in full force and effect.

K.    This Stipulation and Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtor.

L.    This Stipulation and Order may be executed in counterparts but shall not become effective until executed by all Parties, approved by the Court. The fully executed copy of this Stipulation and Order shall be deemed the original for the purposes of filing same with the Court and facsimile signatures shall have the same force and effect as original signatures.

M.    This Stipulation and Order shall not be changed orally. The foregoing represents the entire agreement of the parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

15-042646

N.   Except as provided herein, no party hereto shall be entitled to seek or collect any attorneys' fees, costs or sanctions from any other party hereto.

O.   This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

P.   The Parties hereto acknowledge and agree that no party hereto is a minor or incompetent, and that all Parties have entered this Stipulation and Order of their own volition without coercion or duress.

Q.   If any of the provisions of this Stipulation and Order are determined to be unenforceable it shall not render the entire Stipulation and Order unenforceable but only that provision.

R.   Nothing herein shall release or relieve the Parties hereto of their respective this Stipulation and Order.

Approved:

*/s/Norma E. Ortiz*          Dated:  8/18/2020
Norma E. Ortiz, Ortiz & Ortiz LLP
Attorney for Debtor


Approved:

*/s/Barbara Dunleavy*          Dated:  8/19/2020
Barbara Dunleavy
Attorney for Secured Creditor


**Dated: Brooklyn, New York**
**August 26, 2020**
15-042646

_____
**Carla E. Craig**
**United States Bankruptcy Judge**