| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hrg. Date: Oct. 20, 2021<br>Time: 10:30 a.m. |

---------------------------------------------------------X

In re:

JORGE MIGUEL PRIETO,　　　　　　　　　　　　　Case No.20-40402-jmm

　　　　　　　　　　Debtor.　　　　　　　　　　　　Chapter 11

---------------------------------------------------------X

### DEBTOR'S OPPOSITION TO MOTION TO DISMISS

Jorge M. Prieto (the "Debtor"), through his attorneys Ortiz & Ortiz, L.L.P., states as follows in opposition to the Motion to Dismiss Case filed by Wells Fargo Bank (the "Movant"):

### Background

1.	The Debtor filed his voluntary Chapter 11 petition on January 22, 2020. He has remained in possession since that time. No unsecured creditors' committee was appointed in this case.

2.	As the Court is aware, the Debtor owns two parcels of real property in Queens county, including his residence. The Debtor and his ex-wife Rosa Prieto ("Rosa") are the obligors on the three mortgage notes encumbering the properties. As set forth in greater detail in the adversary proceeding entitled Prieto v. Prieto and Elmhurst Assets, LLC ("Elmhurst"), Adv. Proc. No. 20-1131, the Debtor commenced an adversary proceeding to undue the fraudulent transfer of the Debtor's and Rosa's interest in the properties to Elmhurst for little to no consideration. The Debtor believes that the aggregate value of the properties is approximately $3 million dollars and there is sufficient equity to pay the mortgage holders in full.

3.	The defendants defaulted in the adversary proceeding and the Debtor moved for the entry of a default judgment. The defendants recently retained counsel and requested the opportunity to contest that action. The Debtor has discussed interest in attempting to reach a

settlement with the defendants and consented to permit the defendants to respond to the action. The defendants recently filed a motion to dismiss the adversary proceeding that is returnable on November 17, 2021.

4. Despite the business shut-down that resulted from COVID-19, the Debtor is current on all of his mortgage payments, operating reports, and has been paying quarterly fees. He has been unable to seek a loan modification or sale of the properties because he is not the nominal title-holder. The resolution of the adversary proceeding will determine how the Movant's claim will be satisfied and by whom.

5. The Movant holds a first mortgage lien on the property known as 103-04 34th Ave., Corona, NY 11368 (the "Wells Property"). Since neither Rosa or Elmhurst have maintained the properties, the Debtor has protected the Movant's interest in the Wells Property by making all adequate protection payments and maintaining the property for years. The Movant filed a proof of claim in the amount of $899,153.06. As of the date of the writing, the website Zillow estimates the value of the Wells property $1,428,700.00.

## OPPOSITION TO MOTION

6. Under the circumstances of this case it would be wholly inequitable to dismiss the case until the adversary proceeding is resolved. The Debtor has not intentionally delayed the filing of a plan of reorganization: he has been unable to resolve his financial issues until the Court determines the issues raised in the adversary proceeding. The Debtor requests that the Court adjourn the motion until it can be determined if the Debtor can reach a settlement with the defendants or the adversary proceeding is prosecuted. Since the Movant receives monthly interest and principal payments from the Debtor, the harm to the Debtor of dismissing the case at

this time outweighs the harm, if any, to the Movant.

7.      The Debtor also wholly disagrees with the Movant's assertion that this case is similar to In re Babayoff, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011). In Babayoff, the Debtor engaged in wrong doing throughout his case. He failed to file monthly operating reports and the reports that were filed varied widely in income and expenses. He also filed two proposed Chapter 11 plans, neither of which complied with the requirements of the Bankruptcy Code, that could not be confirmed over the objection of the Debtor's largest creditor. The court found that the plans that were filed did not comply with the Bankruptcy Code and rules and the Debtor violated numerous court orders. But one of the central issues in the case was that there was no ability for the Debtor to ever confirm a plan.

8.      The Wells Property contains enough equity to satisfy the Movant's claim in full. If the Debtor is successful, a plan providing for the sale or refinance of the Wells Property will satisfy their claim. The Debtor has not engaged in the type of wrongful conduct engaged in by the Babayoff debtor and he should be permitted to complete his attempt to prosecute of settle his claims in the adversary proceeding.

WHEREFORE, the Debtor requests that the Court adjourn the motion or deny the motion without prejudice, or grant such other and further relief as deemed appropriate.

Dated: October 18, 2021
        New York, New York                               /s/ Norma E. Ortiz
                                                         Norma E. Ortiz
                                                         Ortiz & Ortiz, L.L.P.
                                                         287 Park Ave. South, Suite 213
                                                         New York, New York 10010
                                                         Tel. (718) 522-1117
                                                         Debtor's Counsel